Littleton A. Gwyn, the testator, died in July, 1853, without leaving a child or the lawful issue of such. The other facts of the case sufficiently appear from the opinion of the Court.
The bill is filed to procure a judicial exposition of the will of Littleton A. Gwyn. The testator devises to his wife, the complainant, the tract of land on which he lived, describing the metes and bounds. In the same clause is the following bequest: "In addition to what the law gives her of my personal estate, I will her the bureau," etc. The will bears date in 1848, and the testator died in July, 1853. By Laws 1835, ch. 10, sec. 1, where a man died intestate, leaving no issue, his widow was entitled to one-third of his personal estate. In 1852 another act was passed upon the subject; therein it is provided that hereafter when any person dies intestate "possessed of personal estate, leaving a widow, but having no child or children nor any issue of the same, one-half of said estate shall be allotted to said widow." The testator has left no doubt as to his intent and wishes in the bequest to his wife: he desired her to have that portion of his personal estate to which she would be entitled under the law regulating the distribution of (147) such property. Being a man of large estate, he thought that her share under the law would be an ample provision. That such was his meaning is confirmed by the manner in which he speaks of the devise of the land to his wife: he calls it "the dower" land, as if she were to claim it by her right of dower. A doubt was suggested whether she can claim under the will any of the personal property but the unimportant articles included in the words, "I give her the bureau," etc. The *Page 101 
intention of a testator, gathered from the will itself, is the leading rule in the construction of wills. Being very clearly of opinion that the testator intended to give to his widow what the law would have secured her in case of his having died without a will, the doubt above stated cannot exist, for he gives those articles "in addition" to her distributive share.
The only question in the case is under which act, that of 1835 or of 1852, is her distributive share to be allotted to her? The will was made in 1848, at which time the rule of distribution in a case of intestacy, where there were no children or the issue of such, was one-third of the personal property to the widow. The act of 1852, in such case, gives her one-half. It is common and familiar learning that a will is ambulatory until the death of the testator, and by the act of 1844-5, ch. 3, sec. 3, it is provided that "every will shall be construed with reference to the real andpersonal estate comprised in it, to speak and take effect as if it had been executed immediately before the death of the testator or testatrix, unless a contrary intention shall appear by the will."
The will of Mr. Gwyn, then, must be considered as having been executed by him in 1853, immediately before his death, as there is nothing in it to control this legal intent.
It is true this case does not come within the letter of the act of 1852, because there is no intestacy, but most clearly within its scope. The testator, as before said, in making his bequest must be considered as executing his will immediately before his death, and with (148) reference to the rule of distribution as then existing as saying: I give my wife that portion of my personal property which the law, as it now stands, secures to her in a case of intestacy. What portion of the personality did the law then secure to a widow in a case of intestacy? One-half; and to this portion of the personal property the plaintiff is entitled — and in addition to that portion the law also gives her a year's allowance; this is also embraced in the bequest, and to it she is entitled.
It is clear that the widow taking the land under the will is entitled to the crop growing upon it at the time of the testator's death. Tayloe v.Bond, 45 N.C. 5. The proviso in the act of 1852 has no application. The testator could not have contemplated a dissent by the widow, as he has made for her a more ample provision than the law would have allowed her; this is shown by the fact of the bequest of the small articles, which she would have lost by a dissent.
If required there must be a reference to the Master to take an account of the personal estate of Littleton A. Gwyn, which has come to the hands of the defendant, and of its administration, and also of the value of the plaintiff's year's provision.
The case is retained for further directions. *Page 103